UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-14060-CR-MARTINEZ/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ELIESER PUPO,

    Defendant.

_____/

FILED by _____ D.C.

MAY 26 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON APPROPRIATENESS OF COUNSEL'S CJA VOUCHER FOR ATTORNEY'S FEES [VOUCHER #FLS 09-2621]

**THIS CAUSE** having come on to be heard upon the aforementioned CJA Voucher as referred by the District Court and this Court having reviewed the voucher, the submissions in support thereof filed by Robert W. Stickney, Esquire, as attorney for the Defendant Elieser Pupo, as well as the Motion and attachments filed by Mr. Stickney in support thereof as attached to the voucher as well as the time records and substantiation for costs and fees attached to the voucher, this Court recommends to the District Court as follows:

    1.    Counsel for the Defendant seeks reimbursement of 154.0 hours at the rate of $110 an hour and 4.0 hours at the rate of $125 an hour. This brings the total attorney's fees sought to be $17,440.00 which is in excess of the statutory cap. Counsel for the Defendant also seeks reimbursement of costs in the amount of $1,563.27.

    2.    This Court has reviewed the voucher as well as the attachments as referenced above. This Court has also reviewed the docket sheet. It is not necessary for this Court to conduct an evidentiary hearing in this case since this Court conducted all of the pretrial matters in respect to this Defendant. These matters have also been found to

be administrative decisions as opposed to adversarial proceedings. United States v. Griggs, 240 F.3d 974 (11th Cir. 2001).

3. This Court must determine whether or not this matter was "extended" or "complex" for justification to exceed the statutory cap of $9,700.00. "Extended" is defined in the case law as a case requiring more time than the normal case. A "complex" case is defined as one involving facts unusual so as to justify expenditure of more time, skill and effort than normal.

4. This Court has reviewed Mr. Stickney's letter of April 22, 2010 submitted as an attachment and supplement to his CJA Voucher. Mr. Stickney indicates that this case was projected to be a category IV case with a twenty-five day trial period. The Defendant in this case was charged by Indictment with conspiracy to manufacture and possess with intent to distribute marijuana. This case arose out of a multi-defendant Indictment.

5. This Court does not view this as an extended case as set defined by the statute. There was not an unusual length of time involved in representation of the Defendant. Mr. Stickney was appointed to represent the Defendant in April of 2009. This matter was resolved by way of entry of a plea in October of 2009. The case was completed with sentencing in December of 2009.

6. In determining whether or not this matter was complex as defined by the statute, this Court must look at the totality of the case and the charges for which the Defendant was indicted. This case did involve extensive discovery as outlined in Mr. Stickney's letter attached to the voucher. This Court has reviewed the time entries set forth by Mr. Stickney in his attachments and can find no expenditures of time which this Court believes are excessive or unnecessary. Therefore, this Court finds all of the tasks

performed by Mr. Stickney were reasonable and necessary in this case. As a result, this Court finds the case to have been complex based upon the underlying nature of the charges, the discovery involved, and the amount of time that Mr. Stickney had to devote to properly represent the Defendant in this matter. See United States v. Bridges, 2007 WL 988866 (S.D. Fla. 2007). Therefore, this Court finds that the attorney's fees sought by Mr. Stickney are reasonable and should be fully compensated. Further, the costs as delineated in the attachments are compensable and should be awarded as well.

**ACCORDINGLY**, this Court recommends to the District Court that the CJA Voucher #FLS 09-2621 be **GRANTED** and that Mr. Stickney be awarded the sum of $17,440.00 as reasonable attorney's fees together with costs in the amount of $1,563.27, for a total sum of $19,003.27.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this _____ day of May, 2010, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
Robert W. Stickney, Esq.
Lucy Lara, CJA Administrator